THOMAS G. S. HEROD et al., Plaintiffs in Error, v. MICHAEL K. LAWLER, Administrator of John E. Hall, deceased, Defendant in Error.

### ERROR TO GALLATIN.

Under the twenty-third section of Chapter 26, of Revised Statutes of 1845, entitled "Costs," if a fee bill is improperly taxed, the court is not required to quash the fee bill, or to impose any fine or penalty on the clerk, beyond the forfeiture of his fees of taxation, and the refunding of the amount wrongfully received on the fee bill.

Under the twenty-seventh section of Chapter 41, of Revised Statutes of 1845, entitled "Fees and Salaries," the clerk will only be required to restore the money collected on the illegal item.

The clerk may properly charge for the entry of each order or judgment under the same caption, when said judgments or orders might have been properly entered under separate captions.

THIS was a motion made in the Circuit Court of Gallatin county, against John E. Hall, as clerk of said court, to quash two fee bills, made out by said clerk, in a certain cause which had been determined in said court, wherein Herod and Colvard were plaintiffs, and Milton Bartley, administrator of Samuel Seaton, deceased, was defendant.

The fee bill of plaintiffs' costs contains the following items:

| | |
|---|---|
| Filing 18 papers.... | .90 |
| Entering plaintiffs' attorney's appearance..... .... ......... | .10 |
| Entering suit on docket three times, 30; two continuances, 40.. | .70 |
| Issuing five subpoenas, 1.75; four witness' affidavits, 40..: ...$2.15 |
| Appeal bond, 50; entering demurrer to plea, 20.............. | .70 |
| Entering demurrer to amended plea...................... | .20 |
| Motion for new trial, 20; overruling same, 20............... | .40 |
| Entering order for appeal, 20; swearing nine witnesses, 45..... | .65 |
| Entering judgment, 25; entering satisfaction of judgment, 15.. | .40 |
| Issuing execution, 40; docketing, 10; ent'g return, 10; filing, 5.. | .65 |
| Making and entering bill of costs, 30; certificate and seal, 35.. | .65 |

To this fee bill is attached a certificate of the clerk and the seal of the court.

The fee bill of defendant's costs contains the following items:

| | |
|---|---|
| Filing fifteen papers, 75; eight witness' affidavits, 80..........$1.55 |
| Ent'g appearance of administrator, 20; leave to amend pleas, 20, .40 |
| Issuing five subpoenas, 1.75; suggesting death of defendant, 20.. 1.95 |
| Exceptions to deposition, 20; leave to amend pleas, 20........ .40 |
| Leave to withdraw pleas, 20; order for writ return, 20......... .40 |
| Order for detention damage, 20; swearing one witness, 5...... .25 |
| Making and entering bill of costs..................... .30 |
| Certificate and seal....................... .35 |

To which is also attached a certificate and the seal of court.

The aggregate amount of said two fee bills is $91.10, for which an execution issued.

The return on the execution shows the payment of the costs.

The order of the court, in the cause in which the fee bills and execution issued, shows that there is contained in one entry the following:

The plaintiffs file their demurrer to the pleas of no property in the plaintiffs, No. 2; of property in the defendant, No. 3, and of property in James Layton, No. 4; the demurrers to said pleas Nos. 2 and 3, sustained, with leave to amend said pleas, and demurrer to plea No. 4 disallowed; defendant, by leave, amends pleas 2 and 3, and demurrer to said amended pleas; said demurrer disallowed, and plea No. 3 withdrawn.

The plaintiffs asked the court to quash said fee bill, for the following erroneous charges, to wit:

| | |
|---|---:|
| Certificate and seal | .35 |
| Certificate and seal | .35 |
| Entering demurrer to pleas | .20 |
| Entering demurrer to amended pleas | .20 |
| Leave to withdraw plea | .20 |
| Leave to amend pleas | .20 |

The court, at the December term, 1854, found the item of 35 cents in each fee bill to be erroneous, and ordered the clerk to repay to plaintiffs the amount of such overcharges, seventy cents, and fined the clerk two dollars. The plaintiffs excepted.

N. L. FREEMAN, for Plaintiffs in Error.

T. B. TANNER, for Defendant in Error.

WALKER, J. It appears from the record in this case, that plaintiffs entered a motion in the court below, to quash a fee bill and a cost bill, which had previously accrued in a cause in which they were plaintiffs, and Milton Bartley, administrator of Samuel Seaton, deceased, was defendant. On the hearing, the court held that the charge of thirty-five cents in each bill, for certificate and seal, was improperly charged, and ordered the clerk to pay the same to plaintiffs, and imposed upon him a fine of two dollars.

The plaintiffs insist that the court erred in not quashing the fee bills, and ordering the clerk to pay the amount of them to plaintiffs, because they contained the charges for certificates and seal, which were struck out.

In determining this question, it becomes necessary to examine some of the provisions of the statute regulating the taxation of costs in legal proceedings.

The twenty-third section in Chapter 26, R. S. 1845, page 129, provides that if any person shall feel himself aggrieved by the taxation of any bill of costs, by the clerk, he may apply to the court in which the proceeding was had, to tax the same according to law. And it also provides, that if the court shall find charges allowed for services not rendered, or for which the person charged is not liable, or any item overcharged, the court shall correct such taxation ; and if the party aggrieved shall have paid such wrongful charge, the clerk shall forfeit all his fees for taxation, and shall pay to the party aggrieved the amount paid by reason of such wrongful charge. There is no provision in this section which requires the court to quash the fee bill, or to impose any fine, or that imposes any penalty on the clerk, beyond the forfeiture of his fees of taxation ; nor does it require the court to compel the clerk to pay the whole amount of the fee bill to the party aggrieved, but only the amount he may have wrongfully paid on the fee bill. If the proceeding was had under this section, no error is perceived, of which the plaintiffs have any right to complain.

But it was insisted that the proceeding was had under the twenty-seventh section of the Chapter of Revised Statutes, entitled "Fees and Salaries," page 249. That section requires that the fee bill complained of, must have been paid, or replevied in the manner specified, before the court can proceed to quash it, impose the fine, and render a judgment for any amount. In this case there is an entire absence of proof that these bills of costs were either paid or replevied. It appears from the evidence, that the execution in the original suit was satisfied, but the return of the sheriff on it, in no way refers to the cost bills, and there is no other evidence of their payment, or that they were ever in his hands. And if the proceeding is under this section, as it gives a penalty, its provisions must be complied with before these penalties can be recovered.

But if the requirements of the statute had been satisfied, we do not think the clerk is liable to the party aggrieved for the whole amount of the bill of costs, when it may include an erroneous item. The section requires the court, when the case is presented in the manner provided, to inspect the fee bill ; " And if it appear that any item or charge is contained in said fee bill, not authorized by law, or for services not actually rendered, the said judge shall proceed to quash such fee bill and bond, if one be given ; and if the money has been collected thereon, he shall order the clerk to restore the same, and shall impose a fine on such clerk, in favor of the party injured, of not less than one dollar nor more than three dollars, for every item erroneously charged in said fee bill by said clerk." The whole question

turns upon what the phrase, " and if the money shall have been collected thereon," has reference to in the preceding portion of the section. It necessarily refers to a payment on the fee bill, or upon the item erroneously taxed, as it can have no other. The object of the two provisions is to prevent the taxation and collection of costs not authorized by law. By the one the court is, on motion, required to retax ; and by the other, if items are erroneously charged, to quash the fee bill. By the first, the court is required to inflict, as a penalty, the costs of taxation; and by the latter, a fine of not less than one dollar and not more than three dollars, for each erroneous item charged. And the first requires the money, if paid on such a charge, to be returned to the party injured, and the latter the money " collected thereon." The striking similarity of the two provisions affords strong reasons to conclude that the legislature, by the latter intended to repeal no provision of the former, although they added other provisions, and give in terms other penalties. And we are unable to perceive any reason why such a difference should be made as is claimed. The injury resulting to the party paying the wrongful charge is the same. Both provisions, although in different chapters and adopted at the same time, and for the same purpose ; and as there is no mistaking the meaning of the provision of the cost act, the provisions of the fee bill law should not be held to repeal its provisions, unless the language was clear. And that the provision of the last named section may as well be construed to require only the restoration of the money collected on the illegal item, as of the whole fee bill. And being susceptible of such construction, it should be given, rather than impose so heavy a penalty as the payment of the entire fee-bill, when it is doubtful whether such was the legislative intention.

It is again insisted that the court below erred in not quashing the fee bill, because it contained several separate items for entering different orders of the court in one paragraph under the same caption. The paragraph out of which the charges complained of originated, contained the judgment of the court on three several demurrers to pleas, granting leave to amend pleas and granting leave to withdraw pleas from the files. Each of these judgments of the court might have been entered under its own caption and in a different paragraph, and have been a full and complete judgment. But we are referred to a portion of the seventh section of an act of 1849, Sess. Laws, p. 78, amendatory to an act entitled " Fees and Salaries," which is this : " For entering each order or rule of court for continuance, default to plead, or any order actually entered in the progress of a suit, and counting the whole entry as one," the clerk may charge twenty cents. This provision clearly allows the clerk to

charge for each order or rule actually entered, counting each whole entry as one order. We are unable to perceive that an order or rule of the court is not as entire and complete, when fully entered in the same paragraph with other orders or rules, as if it were under a separate caption and in another paragraph. The legal effect is the same, the entry of the order is just as whole and complete in the one case as in the other. The object of the legislature must have been to prevent the clerk from making more than one charge for each order or rule of court, and not to compel him to enter each of such orders in a separate paragraph. We perceive no force in this objection.

Upon the record in this case, we discover no error for which the judgment of the court below should be reversed, and are of the opinion that it should be affirmed.

*Judgment affirmed.*